IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DANIEL CARR | ) | |
| | ) | |
| v. | ) | No. 2:13-00091 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response (Docket No. 38) opposing the Motion.

For the reasons set forth herein, the Court concludes that Petitioner's Motion To Vacate is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged with failing to register under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901, et seq., in violation of 18 U.S.C. § 2250(a). (Docket No. 1 in Case No. 2:09-00010). During the pretrial proceedings, the Petitioner filed a motion to dismiss the indictment on five grounds: (1) SORNA did not apply to him because it has not been implemented by the State of Tennessee; (2) Application of SORNA to Petitioner violates the Ex Post Facto Clause; (3) The Petitioner had no duty to register under SORNA because the Government failed to notify him of the Act's requirements; (4) Section 16913(d), which allows the Attorney General to make the Act

retroactive, violates the non-delegation doctrine; and (5) To the extent that SORNA requires state officials to register sex offenders before the states have an opportunity to voluntarily comply with the law, the Act violates the Tenth Amendment. (Docket No. 21 in Case No. 2:09-00010). After holding a hearing on the motion to dismiss, the Court found the Petitioner's arguments to be without merit and denied the motion. (Docket Nos. 31, 33, 34 in Case No. 2:09-00010).

Prior to the date set for trial, the Petitioner entered a conditional guilty plea, reserving his right to appeal the Court's adverse ruling on the motion to dismiss. (Docket Nos. 49, 50, 67 in Case No. 2:09-00010). The Court subsequently sentenced the Petitioner to 41 months of imprisonment. (Docket Nos. 59, 60, 61, 64, 68 in Case No. 2:09-00010).

On appeal, the Sixth Circuit rejected the Petitioner's arguments regarding SORNA, and affirmed the judgment. (Docket No. 70 in Case No. 2:09-00010). The Petitioner subsequently filed a petition for writ of certiorari in the Supreme Court, which was denied. (Docket Nos. 72, 73 in Case No. 2:09-00010).

In his Plea Agreement, the Petitioner admitted to the following facts:[1]

> Defendant has been previously convicted of several State of Tennessee sex offenses to include a October 13, 1999, conviction for 'Aggravated Sexual Battery' in regards to which he was sentenced serve (sic) an eight (8) year term of imprisonment.
>
> On or about September 26, 2006, defendant signed a State of Tennessee Board of Probation and Parole (TBPP) document wherein he acknowledged that he had been sentenced to a sentence of community supervision for life. By signing said TBPP document defendant agreed to abide by the Sex Offender

---

[1] Counsel for the Petitioner noted a couple of clarifications with the statement of facts at the plea hearing (Docket No. 67 in Case No. 2:09-00010), but those clarifications do not affect the resolution of Petitioner's pending § 2255 Motion.

2

Tennessee Treatment Board standards and directives as adopted by the Board of Probation and Parole.

On or about November 28, 2007, defendant was convicted by the State of Tennessee (Macon County) in Case No. 07-76, for committing the felony offense of 'Sexual Battery' and was sentenced to serve a one (1) year term of imprisonment, and on four counts in Case No. 07-103, to wit: Count One a felony offense relating to a 'Violation of Lifetime Community Supervision' in violation of T.C.A. § 39-13-524 for which defendant was sentenced to serve a one (1) year term of imprisonment consecutive to the sentence imposed in Case No. 07-76; Count Two a misdemeanor offense relating to a 'Violation of Lifetime Community Supervision' in violation of T.C.A. § 39-13-526 for which defendant was sentenced to serve a sentence of eleven (11) months and twenty-nine (29) days; Count Three a misdemeanor offense relating to a 'Violation of Lifetime Community Supervision' in violation of T.C.A. § 39-13-526 for which defendant was sentenced to serve a sentence of eleven (11) months and twenty-nine (29) days; and, Count Four a misdemeanor offense relating to a 'Violation of Lifetime Community Supervision' in violation of T.C.A. § 39-13-526 for which defendant was sentenced to serve a sentence of eleven (11) months and twenty-nine (29) days. The one (1) year sentences imposed in Case No. 07-76 and Case No. 07-103 Count One were ordered to run consecutive to each other.

On or about January 15, 2008 defendant signed a 'Tennessee Bureau of Investigation Sexual Offender/Violent Sexual Offender Instructions' ('TBI-SOVSOI') wherein he acknowledged that he was aware of the sex offender registration requirements for Tennessee and that he understood said requirements. Also, on or about January 15, 2008, defendant signed a TBPP 'Specialized Parole Conditions for Sex Offenders' document wherein he indicated, among other things, that he would comply with Tennessee Bureau of Investigation Sex Offender Registry and monitoring program as required by law.

On or about March 27, 2009, defendant was released from the Macon County (Tennessee) jail after completing the sentences referred to above in the preceding paragraph. Upon his release defendant was instructed to self-report to his probation officer within 48 hours to receive a GPS monitor, but he failed to do so and left the jurisdiction without permission.

On or about April 21, 2009, a State of Tennessee arrest warrant was issued for defendant alleging that he failed to register as a sex offender. On or about April 22, 2009, defendant was added as one of the Tennessee Bureau of Investigation's Top 10 fugitives.

Further investigation into defendant's whereabouts revealed that he had left the State of Tennessee and had fled to Mexico. On June 9, 2009, as a result of

coordination between the U.S. Marshals Service's International Division in Mexico and with the aid of Mexican authorities, defendant was arrested in Vera Cruz, Mexico and thereafter expelled from the country as an undesirable and brought back to the Middle District of Tennessee by the U.S. Marshal Service.

From the date of defendant's March 27, 2009 release from the Macon County Jail until the date of his June 9, 2009 apprehension in Vera Cruz, Mexico defendant had not and did not register in the State of Tennessee as a sex offender.

(Docket No. 50, at 4-6, in Case No. 2:09-00010).

III. Analysis

A. The Petitioner's Claims

Petitioner contends that his conviction and sentence should be vacated on the following grounds: (1) Petitioner, as a resident of a foreign country, was not required to register under SORNA; and (2) Petitioner received the ineffective assistance of counsel.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[2] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of

---

[2] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

4

constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, transcripts, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. SORNA Registration

Petitioner contends that his conviction should be vacated because, as a resident of a foreign country, he was not required to register under SORNA. Although the Petitioner has not shown that such a claim is cognizable in a Section 2255 proceeding, the Court will address it on the merits as it relates to Petitioner's ineffective assistance of counsel claim.

Petitioner relies on a recent decision of the Eighth Circuit, United States v. Lunsford, 725 F.3d 859 (8th Cir. 2013), to support his argument. In Lunsford, the court held that the text of

5

SORNA did not extend registration requirements to the defendant in that case based on the following facts:

> Because Lunsford sustained convictions for sexual abuse in 1990 and 1993, SORNA required him to register as a sex offender. In February 2011, Lunsford lived and was registered at an address on Northwest Plaza Drive, Kansas City, in Clay County, Missouri. On May 3, Lunsford boarded a flight from Kansas City to the Philippines on a round-trip ticket, with a return scheduled for May 24. He did not use his return ticket, however, and he did not inform the Missouri registry of a change of residence. On July 20, law enforcement officers arrested Lunsford in the Philippines. He was eventually deported and sent back to the United States.

United States v. Lunsford, 725 F.3d at 860.

The court initially pointed out that SORNA requires a sex offender to update registration, in a "jurisdiction involved," with the address of his new residence. Id., at 861. According to the Eighth Circuit, Missouri was not a "jurisdiction involved" because the defendant did not reside there when he changed his residence to the Philippines. Id. Based on the facts set forth in the defendant's plea agreement, the court explained that the defendant did not change his residence and trigger a reporting obligation until after he left the United States. Id. "But after Lunsford left the country," the court reasoned, "Missouri was not the location of his home or a place where he habitually lived, so Lunsford did not 'reside' in Missouri when he changed his residence." Id.

In reaching its decision, the court discussed a case decided by the Tenth Circuit, United States v. Murphy, 664 F.3d 798 (10th Cir. 2011), two years earlier:

> . . . [the government] relies on United States v. Murphy, 664 F.3d 798 (10th Cir.2011), a case in which a registered sex offender abandoned his residence in Utah, traveled by bus to Mexico, and relocated to Belize without updating the Utah registry. Id. at 800. A divided panel affirmed Murphy's conviction for violating § 2250(a), concluding that '[w]hen an offender leaves a residence in a state, and then leaves the state entirely, that state remains a jurisdiction involved.' Id. at 803. One court has observed that 'Murphy is no model of clarity,' United States v. Lewis, No. 12–10180, 2013 WL 1308512, at *3 (D.Kan. Mar. 28, 2013), and the Tenth Circuit may have concluded that the offender still resided in Utah within the

meaning of § 16911(13) when he changed his residence and triggered his reporting obligation. See Murphy, 664 F.3d at 803 ('[T]he intentional abandonment of a home does not in itself change the "jurisdiction where the offender resides," so long as the offender was still a resident of the state when the abandonment occurred.'). But insofar as Murphy concluded that an offender who leaves a domestic jurisdiction for a foreign jurisdiction necessarily must update his registration in the domestic jurisdiction where he formerly resided, we respectfully disagree. According to the statute, a jurisdiction is a 'jurisdiction involved' only if the offender resides, works, or studies there 'after [a] change of ... residence.' 42 U.S.C. § 16913(a), (c); see Murphy, 664 F.3d at 805–06 (Lucero, J., dissenting).

Id., at 862 (footnote omitted).

In a more recent case, the Tenth Circuit cited Murphy with approval in holding that the defendant violated SORNA by failing to register a change of address in New Mexico when he left his residence there. United States v. Forster, 2013 WL 6334786 (10th Cir. Dec. 6, 2013). In reaching its decision, the court reasoned:

> It is uncontested that 123 Lomas Street [in New Mexico], while not Mr. Forster's home, is the place where he 'habitually lived' from the beginning of 2010 to at least March of that year. '[T]he statutory language naturally supports the conclusion that abandoning one's living place constitutes a change in residence under SORNA. When [a sex offender] changes residences—whether by leaving his home, moving into a new dwelling, becoming homeless, or other means—he has a reporting obligation.' Id.; accord United States v. Voice, 622 F.3d 870, 875 n. 2 (8th Cir.2010) (suggesting that 'an updated registration is required if a sex offender leaves his registered residence with no intent to return'); United States v. Van Buren, 599 F.3d 170, 174 (2d Cir .2010) ('[D]efendant's conduct in terminating his residence to travel ..., with no intention of returning to his residence ..., qualifies as a "change" in his residence regardless of which definition of "change" one uses.').

Id., at *3. The court further explained that a "change in residence" occurs "when one leaves his current place of residence, even if he has not yet found another residence." Id., at *5.

Although the Petitioner contends that the Lunsford court changed the law regarding SORNA registration for defendants who travel outside the United States, the facts at issue in the case suggest a more limited holding. According to the court, the defendant in Lunsford purchased

7

a *round-trip* ticket from Missouri to the Philippines, and based on language of the plea agreement, the court concluded that the defendant did not decide to change his residence (and not use the return plane ticket) until after he left the United States. Lunsford, 725 F.3d at 861. In the Petitioner's case, by contrast, there is no indication that the Petitioner decided to change his residence only after he left the United States.

To the extent the Lunsford case can be read more broadly as holding that a defendant need not update registration when he leaves a U.S. state to establish a new residence in a foreign country, however, this Court is not persuaded that the Sixth Circuit would adopt such a holding.[3] Accordingly, the Petitioner's claim that his conviction should be vacated because he was not required to register under SORNA is without merit.

D. Ineffective Assistance of Counsel

Petitioner also argues that he received the ineffective assistance of counsel in the underlying criminal proceeding because counsel failed to raise the issue discussed above. To support his argument, the Petitioner has filed an Affidavit in which counsel states that the Lunsford case closely resembles the Petitioner's situation, and that she did not omit this argument from the motion to dismiss for any strategic reason. (Docket No. 35).

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674

---

[3] In addition, even if the Sixth Circuit were to adopt such a holding in a future case, the Court is not persuaded that the court would require such a holding to be applied retroactively to a conviction that was final years before it was issued.

(1984); Cullen v. Pinholster, 131 S.Ct. 1388, 1403 (2011); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 2068.

Petitioner has not established prejudice here because even if counsel had raised the argument Petitioner now advances, the Court would not have found the argument meritorious for the reasons set forth above, and would not have granted Petitioner's motion to dismiss. See, e.g., Ludwig v. United States, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel). Accordingly, Petitioner's ineffective assistance of counsel claim is without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and

accompanying Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

```
                                    _____
                                    TODD J. CAMPBELL
                                    UNITED STATES DISTRICT JUDGE
```